Benedict D. Dineen, J.
Defendant Newman moves to dismiss the complaint upon the ground that the plaintiffs are not proper party plaintiffs and lack capacity to sue or maintain the action. Plaintiff Crawford sues as a special trustee and plaintiff Olson as acting secretary treasurer. As to the special trustee whose appointment is authorized by the International constitution the defendant raises an issue as to whether notice of hearing and specification of charges were given as provided therefor. The objections to Olson as acting secretary treasurer are that there is no provision for such office in the constitution and that the office does not endow him with any rights or powers since the secretary treasurer was only suspended with full pay from performing his duties and that there existed no vacancy for such office. There can be no doubt as Mr. Justice Fine stated in denying the motion for a temporary injunction that there is a serious question whether plaintiffs have capacity to sue. It *330 would appear Tout not conclusively that where the secretary treasurer is suspended from office the duties ordinarily performed by him can devolve upon another so that the International can continue to be in a position to carry on its functions. However, any charges if made must conform to the constitution or in the absence of any provision therefor the statutes or law applicable. The rights of the special trustee are derived from the constitution and this being so a showing must be made that all the necessary requirements relative to his appointment and the purpose for which he was appointed have been fully complied with. It appears that for a proper determination of this motion a fuller development of all the facts is required which can only be supplied by a trial. Thus the issues raised herein by the defendant can be set up in his answer as a defense and the issues determined in the trial forum.
The motion is denied accordingly but without prejudice.